Louisville, New Albany and Chicago Ry. Co. *v.* State, *ex rel.* Ward.

No. 15,954.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY *v.* THE STATE, EX REL. WARD, COMMIS-
SIONER.

APPELLATE COURT.—*Jurisdiction.*—*Personal Judgment.*—*Money Demand.*
*–Ditch Assessments.*—Of an appeal from a judgment *in personam,* for
$700 for ditch assessments, to which judgment a motion was made
to eliminate the personal feature, which was overruled, the juris-
diction is in the Appellate Court.

From the Lake Circuit Court.

*E. C. Field* and *C. C. Matson,* for appellant.

*J. W. Youche* and *A. G. Smith,* Attorney-General, for
appellee.

DAILEY, J.—The facts disclosed by the record, and
material to an explanation of the ruling of the court, are
that in January, 1887, John Brown and others filed, in
the Lake Circuit Court, their petition for drainage, un-
der the circuit court drainage act, approved April 6,
1885, p. 129.

In said petition, it was alleged, among other things,
that the right of way of the appellant, extending through
sections 17, 18 and 20, in township 32, range 8, in said
county, would be affected, and such proceedings were
had thereunder that the right of way of the appellant com-
pany was assessed for benefits in the sum of seven hun-
dred dollars, which assessment was approved by the
court, and, from the judgment affirming the assessments,
no appeal was ever prosecuted, but the same remains in
full force; that, afterwards, said ditch was ordered con-
structed, and was completed according to plans and
specifications, but appellant failed to pay the amount so
assessed. Appellee commenced this suit for the purpose

of its collection, and recovered a personal judgment against appellant in the sum of $700, also the further sum of $35 attorneys' fees, together with all the costs of the action, without relief, and a decree declaring said sums and costs to be a valid lien on the defendant's right of way specified therein. Appellant then filed its written motion to change and modify the judgment so as to eliminate therefrom the judgment *in personam*, and prosecutes this appeal.

The Appellate Court, under the acts of 1893, has exclusive jurisdiction of this question. The act approved March 4, 1893, p. 356, granting additional jurisdiction to that court, is as follows: "Section 1. Be it enacted by the General Assembly of the State of Indiana, That in addition to the jurisdiction which the Appellate Court now possesses, that court shall have jurisdiction in all cases for the foreclosure or enforcement of liens of purely statutory origin where the amount in controversy does not exceed the sum of thirty-five hundred dollars."

This cause is therefore ordered to be transferred to the Appellate Court.

Filed Sept. 20, 1893.